Argued October 31, 1975, affirmed as to defendant McLeod; reversed and
remanded as to defendant Gallagher, January 29, 1976

FICKERT, *Respondent,*

*v.*

GALLAGHER et al, *Appellants.*

544 P2d 1032

*Michael E. Clift,* Portland, argued the cause and filed a brief for appellants.

*Gerald R. Pullen,* Portland, argued the cause for respondent. With him on the brief was Charles B. Guinasso, Portland.

BRYSON, J.

**BRYSON, J.**

Plaintiff brought this action against the defendants to recover damages for assault and battery. Judgment was entered in favor of plaintiff on the jury's verdict and defendants appeal.

The incident and alleged battery occurred at the T-Bar-T Branding Iron restaurant and cocktail lounge, which is owned by defendant Norma M. Gallagher. Approximately 150 patrons were present about midnight, at the time of the incident, and one witness testified, "probably everyone in the whole house was drunk." As usual, there is conflicting testimony but there is evidence that defendant Gallagher struck plaintiff and knocked him to the floor; that defendant McLeod, Mrs. Gallagher's son, struck plaintiff and that during the ensuing melee several other people jumped or walked on him.

Defendants first contend that the court erred in instructing the jury as follows:

> "You are further instructed that when the acts of two or more persons concur in causing damage to another, each person is liable for the entire damage, regardless of the relative degree to which he or she may have contributed toward it."

Defendants excepted "to the Court's giving of Plaintiff's Instruction Number 6," which we are unable to find in the transcript or trial court file.

We have no way of knowing what defendants were objecting to by reference to "Instruction Number 6." The only exception taken, other than the one referred to in the second assignment of error, was "it's too broad and that theory more properly or most properly belongs in a negligence case and not a case such as we have here." This does not call the trial court's attention to a specific objection, and it is too general to raise any question for consideration by this court. *Padel v. Narits,* 247 Or 566, 568, 430 P2d 1002 (1967).

Defendants next contend that the trial court erred in instructing the jury on the duty of care that defendant Norma M. Gallagher owed to plaintiff. The court instructed the jury as follows:

"Now, you are instructed that the Defendant Norma Gallager [sic] is the owner and operator of the T-Bar-T Branding Iron Restaurant and bar, and while not an insurer of the safety of her customers, is required by law to maintain a reasonably safe place for her customers.

"* * * * *.

"Now if you should find from the evidence that Defendant Norma Gallagher failed to maintain a reasonably safe place for the plaintiff, Mr. Fickert, while he was a patron in the establishment; and you further find from the evidence that the plaintiff Mr. Fickert suffered and sustained injuries and damages as a direct and proximate result thereof, you will return your verdict in favor of the Plaintiff Mr. Fickert and against the Defendant Norma Gallagher * * *."

The defendants excepted to this instruction as follows:

"I also except to the Court's instruction to the effect that it's incumbent upon the defendant to provide a reasonably safe place for their patrons. I think that belongs probably in a negligence case where you're suing the restaurant itself, but I don't think it belongs in this particular case.

"* * * * *.

"* * * I think it unduly emphasizes plaintiff's case. I just don't think it fits."

The defendant Gallagher's answer alleged self defense and counterclaimed, demanding damges from plaintiff for assault and battery. The trial court also instructed the jury on the law of assault and battery and on justification and self defense.

The instruction given that defendant Gallagher, owner of the T-Bar-T, "while not an insurer of the safety of her customers, is required by law to maintain a reasonably safe place for her customers" is a correct statement of the law. *Danner v. Arnsberg et al,* 227 Or 420, 423, 428, 362 P2d 758 (1961).

However, plaintiff's pleadings did not allege negligence on the part of defendant Gallagher. The complaint merely alleges the assault and battery and that is the theory on which the case was tried. Therefore, the question is whether the instruction given was prejudicial to defendant Gallagher. In *Waterway Terminals v. P. S. Lord,* 256 Or 361, 370, 474 P2d 309 (1970), where an exception was taken to an instruction given, we stated:

> "* * * It is absurd to expect a layman to listen once to an oral rendition of a highly technical instruction and to appreciate immediately all of the fine legal distinctions. As a result, cases should not be reversed upon instructions, despite technical imperfections, unless the appellate court can fairly say that the instruction probably created an erroneous impression of the law in the minds of the jurymen which affected the outcome of the case. * * *"

We, of course, have no way of determining on what basis the jury found defendant Gallagher liable. It is clear that the jury could have found from the evidence that either plaintiff or defendant Gallagher started the altercation or was the aggressor. The parties had quite violently disagreed earlier in the evening at another tavern but notwithstanding this the plaintiff went to defendant Gallagher's place of business to purchase drinks. All parties had been consuming alcoholic beverages prior to the incident.

The jury could have decided the case on the basis that defendant Gallagher had not maintained a reasonably safe place for her customers, including the plaintiff. The plaintiff's pleadings did not raise this issue and the instruction could have affected the outcome of the case. Also, in *Macomber v. Cox,* 249 Or 61, 65, 435 P2d 462 (1968), we held it was reversible error where the instruction given "permitted the jury to find defendant * * * liable for negligent conduct not alleged in the pleadings." *See also Gardyjan v. Tatone,* 270 Or 678, 528 P2d 1332 (1974). The instruction

given did not apply to and was not prejudicial to defendant McLeod.

Because the case must be remanded for a new trial as to defendant Gallagher, it should be pointed out that the instruction excepted to, stating "* * * you will return your verdict in favor of the plaintiff Mr. Fickert and against the Defendant Norma Gallagher * * *" is contrary to our opinion in *Ginter v. Handy,* 244 Or 449, 451, 419 P2d 21 (1966), wherein we stated that such an instruction "destroys the neutral form that instructions should have."

Affirmed as to defendant McLeod; reversed and remanded for a new trial as to defendant Gallagher.