Argued February 20, affirmed May 29, reconsideration
denied August 14, petition for review denied
October 16, 1979

FISHER, *Respondent,*
*v.*
PIPPIN, *Defendant,*
*and*
PIPPIN, *Appellant.*
(No. 102446, CA 11322)

595 P2d 513

Joseph E. Penna, Monmouth, argued the cause and filed the brief for appellant.

Paul J. Lipscomb, Salem, argued the cause for respondent. With him on the brief were Blair & Mac-Donald, A. B. Cummins, Jr. and Rhoten, Rhoten & Speerstra, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

In this action for damages for personal injuries caused by an automobile accident, plaintiff obtained a judgment against both defendants, who are father and son. The son's negligence was admitted. The father's liability was based solely on the family purpose doctrine after an evidentiary hearing on that issue before the trial court. The father appeals, contending that the trial court erred in finding the family purpose doctrine applicable to the facts of this case. We affirm.

■ The family purpose doctrine is based on the theory that when an automobile is maintained by the owner for the pleasure or convenience of his family, a member of the family who uses it with the knowledge and consent of the owner is the agent of the owner, and the latter is responsible for the negligence of the user. *Kraxberger v. Rogers*, 231 Or 440, 450, 373 P2d 647 (1962). The first factual issue in this case is whether the father owned the pickup truck which his son was driving at the time of the accident. The trial court found that the father owned the truck. In reviewing that finding, we consider the evidence in the light most favorable to plaintiff, together with all inferences favorable to plaintiff which could reasonably be drawn from the evidence. *Northwestern Pac. Indem. v. Canutt*, 280 Or 375, 382, 570 P2d 1182 (1977).

■ The father originally purchased the pickup in May, 1976, as a source of parts with which to rebuild another truck which he owned. After he used it for that purpose, his son reassembled the pickup with his father's permission. The son testified that in October or November of 1976, his father agreed to sell him the pickup for about $450 or $500; the son made weekly payments of $15 to $30 to his mother. The son also testified that he had finished making payments by the date of the accident in March, 1977, but he could not say precisely when the payments were completed. The father testified that he thought the son had paid the full price, but he could not be sure because his wife had

[423]

collected the payments. She did not testify. The certificate of title was never transferred from father to son, and there was no receipt or bill of sale recording the transaction. Neither parent ever drove the truck. The son was responsible for its upkeep. The father testified that his son "had been using the pickup pretty much at his own discretion for some time prior" to the accident, but that he sometimes placed restrictions on his son's use of the vehicle. The trial court concluded that there was a question of fact as to the ownership of the truck and found that the father was the owner.[1]

ORS 481.115(1) and 481.117 provide that the certificate of title to a motor vehicle is prima facie evidence of ownership. *See Wisbey v. Nationwide Mut. Ins. Co.*, 264 Or 600, 602, 507 P2d 17 (1973); *Wiebe v. Seely, Administrator*, 215 Or 331, 341-42, 335 P2d 379 (1959). Although the prima facie case of ownership may be overcome by contrary evidence, the evidence here indicating the son owned the vehicle is not sufficient to do so as a matter of law. Therefore, we are bound by the trial court's finding that the father was the owner of the pickup truck involved in the accident.

The father's ownership of the vehicle and the fact that it was being driven by the son at the time of the accident create a prima facie case of agency. *Gossett v. Van Egmond*, 176 Or 134, 143, 155 P2d 304 (1945). The prima facie case of agency may be overcome by uncontradicted evidence that the vehicle was being driven without the express or implied consent of the owner. *Kraxberger v. Rogers*, 231 Or at 450. Here there was no such evidence. On the contrary, the father testified that there was nothing objectionable to him about his son's use of the truck on the day of the accident.

The father argues that proof of ownership alone does not sustain application of the family purpose

---

[1] The trier of fact is not required to accept the testimony of interested witnesses as conclusive. *Gossett v. Van Egmond*, 176 Or 134, 144, 155 P2d 304 (1945); *Steele v. Hemmers*, 149 Or 381, 386, 40 P2d 1022 (1935).

doctine. He contends that it is also necessary to prove first, that he maintained the vehicle, and, second, that it was being used as a family vehicle. He relies on *Bolton v. Schimming et al,* 226 Or 330, 332, 360 P2d 540 (1961), in which the Supreme Court stated the facts necessary to the application of the family purpose doctrine as follows: "There must be an automobile which is owned and maintained by a member of the family for use by the members of the family for their joint or individual pleasure and convenience."

We have found no cases analyzing maintenance as a requirement distinct from ownership in the application of the family purpose doctrine. The cases holding that proof of ownership establishes a prima facie case of agency under the doctrine imply that maintenance is not a separate requirement. Assuming arguendo that it is, however, we conclude that "maintenance" by the owner means only that the owner must have some relation to or control over the vehicle and its use beyond the legal relationship established by the certificate of title. Here, that criterion is met by the father's occasional restrictions on his son's use of the pickup and their attempt to secure insurance coverage under the family policy.

The father also contends that the requirement of "use by members of the family for their joint or individual pleasure and convenience" is not met because the son was the only member of the family who drove the pickup, except for two or three occasions when his older brother drove it while home on leave from the service. The family purpose element of the doctrine has always been applied broadly. For instance, in *Steele v. Hemmers,* 149 Or 381, 383, 40 P2d 1022 (1935), the court sustained application of the doctrine where the vehicle in question was used exclusively by the owner's children for their own purposes. *See also Heenan v. Perkins,* 278 Or 583, 587, 564 P2d 1354 (1977). Particularly where the Supreme Court has stated that ownership by the parent and use

[425]

by the child is a prima facie case of family purpose agency, *Kraxberger v. Rogers,* we cannot say that plaintiff has not made out a case.

Affirmed.