Argued and submitted May 20, 1982, reversed and
remanded February 9, 1983, reconsideration denied April 1,
petition for review denied June 29, 1983 (295 Or 259)

# ST. PAUL MERCURY INSURANCE COMPANY,
*Respondent,*

*v.*

# BAUGHMAN et al,
*Appellants.*

(41-748, CA A21589)

657 P2d 1254

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellants.

Mary T. Danford, Portland, argued the cause for respondent. With her on the brief were Douglas G. Houser, I. Franklin Hunsaker, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This action arose out of defendants' claim of coverage under a fire insurance policy issued by plaintiff. Defendants filed proofs of loss for $111,250 for personal property and $109,819 for business interruption caused by a fire at their furniture store. Plaintiff rejected defendants' claim and filed this action for a declaratory judgment, seeking a declaration that there was no coverage under the insurance policy.

Plaintiff's complaint raised two claims to support its refusal to pay defendants' loss. First, "any loss suffered as a result of the fire was intentionally caused by [defendants]." Second, defendants breached the policy

> "by concealing material facts and by making intentional material misstatements regarding the subject of the insurance contract, the circumstances, origin and cause of said fire, their lack of participation in the intentional setting of said fire and the extent of the loss."[1]

Defendants answered, denying the allegations in the complaint, and counterclaimed for damages for breach of the insurance contract.

The case was tried to a jury and resulted in a verdict for plaintiff. The trial court entered a judgment order that, pursuant to the verdict, defendants were not entitled to recover from plaintiff under the insurance policy. Defendants appeal, contending that the jury instructions were improper in several respects. We reverse.

All of defendants' assignments of error concerning jury instructions relate to the instructions regarding plaintiff's second claim. Defendants argue that those instructions (1) contained matters outside the scope of the pleadings, (2) contained incorrect statements of the law, (3) were so repetitious that they gave undue prominence to plaintiff's second claim and (4) were not in a neutral form. We consider these arguments in turn.

---

[1] The policy stated, as required by ORS 743.612:

"This entire Policy shall be void if, whether before or after a loss, the Insured has *willfully* concealed or misrepresented any *material* fact or circumstance concerning this insurance or the subject thereof or the interest of the Insured therein, or in the case of any fraud or false swearing by the Insured relating thereto." (Emphasis supplied.)

■  It is reversible error for the trial court to include in its jury instructions issues outside of the scope of the pleadings. *Blake v. Webster Orchards,* 249 Or 348, 352-53, 437 P2d 757 (1968); *Hunt et al v. Bishop,* 191 Or 541, 546-47, 229 P2d 960 (1951). Here, the trial court included the following language in three of its instructions:

> "* * * [A]ny false statement as to material facts made in the examination under oath will void the entire policy.

> "If Plaintiff proves that the Defendants made a single material misrepresentation regarding any fact in connection with their claim, * * * then Plaintiff is not liable to Defendants * * *.

> "* * * * *

> "Any intentionally false statement in the proof of loss or examination under oath by the insureds touching a material fact in connection with their claim under the insurance policies renders the coverage under the policies void * * *."

The language of these instructions was so broad that the jury could have found that defendants breached the contract by material misrepresentations wholly unrelated to the four issues raised in plaintiff's second claim: misrepresentations concerning the subject of the insurance contract, the circumstances, origin and cause of the fire, defendants' participation in the intentional setting of the fire and the extent of the loss. Further, the trial court gave the following instruction, which included matters clearly outside the pleadings:

> "If you find that either of the Defendants intentionally misstated and concealed the true material facts concerning their personal financial affairs, the financial affairs of their business, or their activities prior to the fire * * *, then the Defendant[s] can't recover."

■  In sum, by following the trial court's instructions, the jury could have returned a verdict for plaintiff on issues outside of the scope of the pleadings. Consequently, defendants were prejudiced, and the instructions constituted reversible error.

■  The trial court also erred by misstating in its instructions the nature of the misrepresentations that would result in a breach of the insurance contract. The

policy provided that it would be void if the insured made any *wilful* concealment or misrepresentation of a *material* fact. Four of the instructions relating to misrepresentations or concealment of facts omitted either the word "wilful" or "material." Therefore, the jury could have returned a verdict against defendant based on unintentional misrepresentations or misrepresentations of immaterial facts.

■     Because we reverse the judgment and remand the case, we will address defendants' two remaining objections to the jury instructions in anticipation of a retrial of this case. Defendants point out that, although plaintiff's complaint asserts only two claims for relief, the trial court's instructions contained 28 bases on which the jury could return a verdict against defendants. As stated above, the trial court must eliminate all bases not within the scope of the pleadings. With regard to the remaining bases, the court should avoid repetition, because it is error for the court to give undue prominence to a phase of the case through repetition in its instructions. *See Ballard v. Rickenbaugh Orchards, Inc.*, 259 Or 200, 209, 485 P2d 1080 (1971).

■     Defendants also argue that the instructions were not in a neutral form. Four of them stated that, if the jury finds that defendants intentionally concealed or misrepresented a material fact, then either "Defendants can't recover," or "Plaintiff is not liable to Defendants," or "Plaintiff has no liability to Defendants." This language destroys the neutral form instructions should have. *See Fickert v. Gallagher*, 274 Or 139, 144, 544 P2d 1032 (1976); *Richmond v. Field Chevrolet Co.*, 261 Or 186, 192-93, 493 P2d 154 (1972).[2]

---

[2] Defendants also assign as error two of the trial court's rulings on the admissibility of evidence. Defendants objected to the admission of a transcript of Roger Baughman's examination under oath, taken as part of the proof of loss on grounds of relevancy and hearsay. Although most of the matters contained in the transcript were clearly relevant and not hearsay, some portions were arguably inadmissible. Because defendants' objections were to the transcript in its entirety, rather than to specific portions, the trial court did not err in receiving the transcript. *Meislahn v. Demorest*, 48 Or App 631, 634-35, 617 P2d 322 (1980).

Defendants also objected to the trial court's refusal to receive in evidence a photograph of the reconstructed ceiling of the building where the fire occurred, taken after the fire. Defendants offered the photograph to prove that the building had a ceiling before the fire. The demonstrative evidence was only cumulative of

## Reversed and remanded.

oral testimony to the same effect. Here, even if the trial court should have allowed the photograph into evidence, defendants were not prejudiced.