Argued and submitted September 12, 1984, reversed and remanded March 6, reconsideration denied April 19, petition for review denied May 21, 1985 (299 Or 203)

# PHOMVONGSA,
*Appellant,*

*v.*

# PHOUNSAVETH et al,
*Respondents.*

(48325; CA A30351)

696 P2d 567

Daniel Hoarfrost, Portland, argued the cause for appellant. With him on the brief was Nash & Hoarfrost, Portland.

Griffith C. Steinke, Salem, argued the cause for respondents. With him on the brief was Clark, Marsh, Lindauer & McClinton, Salem.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

When plaintiff was three years old, he got out of the back door of a car driven by defendant Phounsaveth before the car came to a stop and was pinned under a rear wheel. Phimmala Phounsaveth, plaintiff's babysitter, was also in the car. This action for damages based on negligence was brought against the driver and the owners of the car, the Reinertsens. The jury returned a verdict in favor of defendants. Plaintiff appeals. We reverse and remand.

As his first assignment of error, plaintiff claims that the trial court erred in allowing Officer Estep, the officer who investigated but did not see the accident occur, to give his opinion:

"Q. Officer, based upon your experience and training and your investigation of this particular case, did you arrive at a conclusion as to what the cause of this accident was?

"A. Yes. I felt that the accident was a complete accident and unavoidable.

"Q. Did you reach any conclusions as to whether the driver had caused this accident?

"A. Yes, I did.

"Q. What was your conclusion?

"A. That he had no cause."[1]

Defendants argue that Estep's opinion is that of an expert in traffic accidents and reconstruction admissibile under OEC 704, even though the testimony is on an ultimate issue. OEC 704 provides:

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

Although the 1971 Evidence Code liberalizes admissibility of expert opinion, it does not allow an opinion as to who should win:

"The adoption of rule 704 does not make admissible all

---

[1] Plaintiff objected to this testimony as "drawing the conclusion that is for the jury to find." Defendants argue that objecting to testimony on the ground that it invades the province of the jury is not a ground for reversal. We take plaintiff's objection to mean that the testimony was not helpful to the jury. *See State v. Middleton*, 294 Or 427, 434, 657 P2d 1215 (1983).

opinions of a highly generalized nature that do little more than indicate which party to litigation should prevail." Kirkpatrick, *Oregon Evidence* 315 (1983).

Estep was not competent to give his opinion as to whether or not defendants were negligent. His testimony did not assist the jury by applying specialized knowledge beyond the experience of the jury to the facts of the case, OEC 702,[2] and he was not an eye witness to the accident.[3] His testimony did nothing more than tell the jury that he thought defendants should prevail. It was reversible error to admit the testimony.

■     Plaintiff next assigns as error the giving of the following instruction:

"The operator of an automobile has no responsibility to see that its passenger's doors are securely fastened. That is particularly true when the passengers are minors who are accompanied by an adult who is exercising supervision and control over them."

Defendants argue that the instruction states the applicable legal standard for the issue of the driver's duty in regard to passenger doors, particularly when a minor is supervised by an adult, and cite *Favalara v. Travelers Ins. Company,* 223 So2d 702 (La 1969) and *Williams v. Lumpkin,* 152 So 842 (Miss 1934). In each of those cases a father was seated in the back seat of a car with a minor child. The child was injured by falling out of the car while it was moving. The *Favalara* court stated:

"While it is correctly contended by the plaintiff that a motorist is held to a high degree of care when operating a motor vehicle where children are known to be present * * * it is equally true that the operator of a private vehicle is under no duty to see that its passenger's door is securely fastened (although he may be liable if he undertakes to close the door and does so negligently with the result that it later flies open)." 223 So2d at 703.

---

[2] OEC 702 provides:

"If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

[3] The officer's testimony would not qualify as opinion testimony by a lay witness, which under OEC 701 must be based on the perception of the witness.

Defendants argue that *Favalara* is the leading case on the question. However, defendants have not cited, nor have we found, other jurisdictions which have adopted that statement as the standard, and we decline to do so. In upholding a judgment for the defendant, the *Favalara* court relied on a presumption that a prudent person could assume that a parent seated next to a child would be responsible for the child. The *Williams* court also had noted the duty of a parent to watch the child. Neither court, however, applied a standard that a driver is absolved of responsibility for minor passengers if a supervising adult other than a parent is present. Here, a babysitter, not a parent, was with the child.

We agree with plaintiff that the effects of the instruction were that defendant Phounsaveth was absolved of a duty of care by the presence of another adult in the car and that the jury must therefore find for the defendant.

■ For his third assignment of error, plaintiff claims that the court erred in failing to give the following instruction:

> "I instruct you that in considering the question of defendant, Sonephet Phounsaveth's, negligence, you may consider that a higher standard of care is owed by one when his conduct poses a risk of harm to an infant."

As authority for the instruction plaintiff cites *Fisher v. Burrell*, 116 Or 317, 241 P 40 (1925), in which a nine-year-old boy was injured by a dynamite cap that he had found on neighbor's property. The court held that, as a matter of law, a greater degree of care was owed to children than to adults by one using instrumentalities that are inherently dangerous or likely to injure children.

The situation here, involving the operation of an automobile, is not one in which Oregon courts have imposed a stricter standard of care with respect to minor passengers than that owed to adult passengers. Failure to give the instruction is not reversible error.

■■ As a final assignment of error, plaintiff claims that the court erred in failing to give this instruction:

> "I instruct you that Phimmala [the babysitter] is not a party to this suit. Whether or not she is negligent is not to be considered. You must reach your decision on the basis of

whether or not there was negligence on the part of either Sonephet Phounsaveth or Armely Phomvongsa."

The trial court did not err in failing to give the instruction. Phimmala was not a party to the action and the pleadings do not place her negligence or lack thereof into issue. Any issue as to her negligence was outside the scope of the pleadings, and to have given the instruction would have been reversible error. *See St. Paul Mercury Ins. Co. v. Baughman,* 61 Or App 534, 657 P2d 1254 (1983).[4]

Reversed and remanded.

---

[4] Defendants seek to preserve their judgment by arguing that their motion for directed verdict should have been allowed. We disagree. Except in very unusual circumstances, issues of negligence and causation are for the jury. *See McPherson v. Cochran,* 243 Or 399, 402, 414 P2d 321 (1966).