Argued and submitted December 19, 1986, affirmed on appeal as to Tamera Ann Barrett; otherwise reversed and remanded on appeal, affirmed on cross-appeal February 25, 1987

**FRENCH,**
*Appellant - Cross-Respondent,*

*v.*

**BARRETT,**
*Respondent - Cross-Appellant,*
**LINTON et al,**
*Respondents.*

(16-83-08882; CA A35210)

733 P2d 89

Donald A. Bick, Eugene, argued the cause for appellant. With him on the briefs was Bick & Monte, P.C., Eugene.

Lou Kurtz, Eugene, argued the cause for respondents. With him on the brief were Thomas M. Christ, Dennis W. Percell and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

This is an action to recover damages for injuries which plaintiff sustained when she was struck by a car driven by defendant Patrick Barrett and registered to defendants Louis and Patricia Linton. Plaintiff sued Barrett for the negligent operation of an automobile and sought to hold the Lintons liable under the family purpose doctrine. The trial court dismissed the claims against the Lintons and their daughter, Tamera Ann Barrett. The jury found that plaintiff and defendant Barrett were equally at fault in causing the accident, and the court entered a judgment accordingly. On appeal, plaintiff seeks reversal of the judgment on several grounds, three of which we need to address.[1]

First, plaintiff contends that the trial court erred in allowing the investigating police officer, who did not witness the accident, to give his opinion as to the cause of the accident.[2] OEC 704 permits opinion testimony concerning an ultimate issue of fact if the testimony is "otherwise admissible." To be "otherwise admissible," expert opinion testimony must assist the trier of fact, through specialized knowledge, to understand the evidence or to determine a fact in issue. *See* OEC 702. Expert testimony which merely tells the jury what legal conclusion to reach fails to do that. *See Phomvongsa v. Phounsaveth,* 72 Or App 518, 520-21, 696 P2d 567, *rev den* 299 Or 203 (1985). *See also Tiedemann v. Radiation Therapy Consultants,* 299 Or 238, 243-44, 701 P2d 440 (1985). The investigating officer's conclusion that the cause of the accident was plaintiff's stepping into the roadway "did nothing more than tell the jury that he thought defendant should prevail." *See Phomvongsa v. Phounsaveth, supra,* 72 Or App at 521. It was reversible error to admit it.

Plaintiff also assigns as error the directed verdict in favor of defendants Louis Linton, Patricia Linton and Tamera Ann Barrett, under the family purpose doctrine.[3] An

---

[1] Plaintiff also assigns as error the trial court's admission of defendants' exhibits "F" (compound interest table) and "G" (Wall Street Journal). Because we reverse on other grounds, we do not address this assignment of error.

[2] Plaintiff objected to this testimony on the grounds that causation is an issue for the jury. We construe the objection to mean that the opinion testimony was not helpful to the jury. *See State v. Middleton,* 294 Or 427, 434, 657 P2d 1215 (1983).

[3] The complaint does not state a claim against Tamera Ann Barrett that is

owner who maintains an automobile for the pleasure or convenience of his family is liable if a member of the family negligently uses the car for pleasure or convenience with the knowledge and consent of the owner. *Kraxberger v. Rogers,* 231 Or 440, 450, 373 P2d 647 (1962). The basis of the Lintons' motion for a directed verdict was that plaintiff had failed to establish a *prima facie* showing of ownership and use by a family member.

■ At trial, plaintiff offered proof that the certificate of title to the car at the time of the accident was in the name of Louis and Patricia Linton. That constitutes *prima facie* evidence of ownership. *See former* ORS 418.115(1); *Fisher v. Pippin,* 40 Or App 421, 424, 595 P2d 513, *rev den* 287 Or 507 (1979). The Lintons contend, however, that the uncontradicted testimony that they gave the car to their daughter, that they did not use the car thereafter and that their daughter paid for the oil, gas, repairs and general maintenance for the car overcame plaintiff's *prima facie* case. We disagree. Because a reasonable juror might disbelieve the testimony, it was insufficient to overcome plaintiff's *prima facie* case of ownership, as a matter of law.[4] *See Rickard v. Ellis,* 230 Or 46, 52, 368 P2d 396 (1962).

■■ On the issue of whether Barrett is a Linton family member, plaintiff offered testimony that Barrett was the fiancé of the Lintons' daughter and that he lived in their home. As defendants point out, we have never applied the family purpose doctrine to a person not related to the driver by blood or marriage. We have not, however, precluded such an

cognizable under the family purpose doctrine. No motion was made to amend to conform to any proof at trial which might have established a claim under the doctrine. Moreover, plaintiff does not call any such evidence to our attention. Although she refers to an amended complaint in her abstract of record, we find no such complaint in the trial record. Plaintiff, nevertheless, does not assert that the amended complaint alleges any different facts in respect to Tamera. The court properly dismissed her from the case.

[4] The Lintons also contend that their ownership was not established, because plaintiff failed to produce evidence that they had some control over the car, beyond the legal relationship established by the certificate of title. Assuming that such proof is necessary (*see Fisher v. Pippin,* 40 Or App 421, 425, 595 P2d 513, *rev den* 287 Or 507 (1979)), we conclude that a reasonable juror could infer control from Louis Linton's testimony that Barrett had requested their permission to use the car even after they had "given" it to their daughter.

application. Rather, we hold that the circumstances surrounding the relationship between the Lintons and Barrett determine whether Barrett is a family member. *See Herman v. Magnuson,* 277 NW2d 445, 460 (ND 1979). There was sufficient evidence presented to create a jury question on the issue. It was error, therefore, to direct a verdict for the Lintons.

The final assignment of error to be addressed relates to a prior conviction of Barrett, the occurrence of which was elicited from Barrett on direct examination. When questioned regarding the conviction, Barrett testified that he pled guilty to burglary due to a "guilty conscience." *See* OEC 609(3). Plaintiff unsuccessfully attempted to elicit further testimony from Barrett to the effect that he had, in fact, confessed, because he expected soon to be apprehended. Plaintiff later sought to introduce the testimony of a police officer involved in the burglary investigation which would tend to establish the latter explanation for the guilty plea. The trial court excluded the officer's explanation for the confession, because the reason for the guilty plea was a collateral matter which had been sufficiently explored.

It is undisputed that Barrett's credibility, which is directly relevant to the case, was properly challenged by evidence of a prior conviction. *See* OEC 609(1). He was entitled to mitigate the effect of the conviction by explaining the circumstances of the conviction, *i.e.,* that he pled guilty. Any questioning concerning the reason for his guilty plea was collateral to the issues of the case. The rule is that a witness may not be impeached on a collateral matter by extrinsic evidence. *See State v. Jones,* 279 Or 55, 62, 566 P2d 867 (1977). The cases cited by plaintiff do not provide otherwise. They merely say that, when a witness attempts to minimize the effect of a prior conviction by showing a guilty plea, he may properly be questioned regarding the factors, other than his guilty conscience, which entered into his decision to plead guilty. *See State v. Poole,* 11 Or App 55, 61, 500 P2d 726 (1972); *State v. Rowley,* 6 Or App 13, 18-19, 485 P2d 1120 (1971). That, in fact, was tried here, albeit unsuccessfully. Contrary to plaintiff's assertion, the cited cases do not hold that factors motivating a guilty plea may be established through the introduction of extrinsic evidence. Accordingly, the officer's testimony was properly excluded.[5]

---

[5] Patrick Barrett filed a cross-appeal in this case, contending that the trial court

Affirmed on appeal as to Tamera Ann Barrett; otherwise reversed and remanded on appeal; affirmed on cross-appeal.

---

erred in giving plaintiff's instruction concerning the existence of an unmarked crosswalk (*see former* ORS 487.005(4)(a)) and in refusing to give an instruction that plaintiff was out of the crosswalk as a matter of law. Both assignments are without merit.