Argued and submitted March 14, reversed and remanded April 20, reconsideration denied June 3, petition for review denied June 21, 1988 (306 Or 101)

DeROSA,
*Respondent,*

*v.*

KOLB,
*Appellant.*

(A8404-02013; CA A41680)

752 P2d 1282

Robert E. Barton, Portland, argued the cause for appellant. With him on the briefs were Thomas W. Brown and Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Richard O. Thomas, Portland, argued the cause for respondent. With him on the brief were Linda K. Eyerman and Gaylord, Thomas & Eyerman, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is an action for damages for legal malpractice arising out of defendant's failure to file a personal injury action on behalf of plaintiff against Suncraft, Inc. (Suncraft) timely. The case was tried as one against Suncraft to determine whether, had an action been timely pursued, plaintiff would have prevailed. At issue is whether the trial court erred in admitting plaintiff's expert testimony and demonstrative evidence concerning the accident in which plaintiff was injured.

Plaintiff was injured when a motorcycle he was driving collided with a pickup truck at an intersection in Bend on June 24, 1980. Plaintiff testified that he saw the truck stopped at a stop sign but did not see the driver's face because of a sign placed on the corner of the intersection. The sign was maintained by Suncraft and displayed the company's name. Plaintiff was about 100 to 150 feet from the intersection when the truck began to move. Plaintiff was unable to stop and slid underneath the pickup and sustained numerous injuries.

At trial, over objection, plaintiff introduced expert testimony and demonstrative evidence concerning the reconstruction of the accident at a Portland intersection in 1986. The expert was allowed to testify that, in his opinion, the sign constituted a vision obstruction for the truck driver and was a substantial factor in causing the accident. The relevant part of the record is:

> "Q   Do you have an opinion which you hold to a reasonable degree of engineering probability as to whether the Suncraft sign, as it was located on the corner of the intersection on June 24, 1980, was a substantial factor in contributing to the accident which occurred in this case?
>
> "A   Yes, I have an opinion.
>
> "Q   What is your opinion?
>
> "* * * * *
>
> "A   The sign creates a substantial visibility obstruction that was a substantial factor in causing the accident."

Defendant assigns the overruling of his objection as error. He contends that the expert opinion was improper because, in essence, it constituted an inadmissible opinion as to which party should prevail and, therefore, was not helpful

to the jury and misled and confused the issues. He also contends that the reconstruction of the accident at a Portland intersection was so dissimilar to the scene of the accident in Bend that testimonial and demonstrative evidence relating to it should not have been allowed.

■ ■ Generally, the admissibility of demonstrative evidence is within the discretion of the trial court. The discretion is broad, and we will not disturb its exercise on appeal except for abuse. *Rich v. Cooper,* 234 Or 300, 311-12, 380 P2d 613 (1963). The trial court assessed the evidentiary value of the exhibits and decided to admit them as probative of issues in the case. It concluded that the variance between the real scene of the accident and the reconstruction affected the weight of the evidence but not its admissibility. There was no abuse of discretion. The same reasoning applies to the testimonial evidence explaining the exhibits.

■ In *French v. Barrett,* 84 Or App 52, 54, 733 P2d 89 (1987), we held:

"OEC 704 permits opinion testimony concerning an ultimate issue of fact if the testimony is 'otherwise admissible.' To be 'otherwise admissible,' expert opinion testimony must assist the trier of fact, through specialized knowledge, to understand the evidence or to determine a fact in issue. *See* OEC 702. Expert testimony which merely tells the jury what legal conclusion to reach fails to do that."

Here, the expert's conclusion that the sign was a substantial factor in causing the accident was "pure opinion" on the legal consequence of disputed facts. It did not assist the jury in performing its function of sorting out the question of causation from the disputed evidence. Instead, it told the jury that it should reach a particular result on the contested causation question. The court erred in admitting opinion testimony relating to the sign as the cause of the accident.

Reversed and remanded.