Sonja MADRID,
as Personal Representative of the ·
Estate of Kenneth Madrid,
*Appellant,*

*v.*

Frank Raymond ROBINSON,
*Respondent.*

(92C-11138)

Sonja MADRID,
*Appellant,*

*v.*

Frank Raymond ROBINSON,
*Respondent.*

(92C-11696; CA A84207)

906 P2d 855

Gig Wyatt argued the cause for appellant. With him on the briefs was the Law Offices of J. P. Harris, II, P.C.

Rod Jones argued the cause for respondent. With him on the brief was MacDonald, Jensen, Pagel & Jones.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiff, as guardian *ad litem* for Kenneth Madrid (Madrid), brought this action to recover damages for injuries sustained when Madrid was struck by a vehicle operated by defendant. Plaintiff also brought an action on her own behalf for loss of consortium. The cases were consolidated for trial and the jury returned a verdict for defendant, finding that he was not negligent. The trial court denied plaintiff's motion for a new trial and she appeals. We reverse.

On November 8, 1990, at approximately 5:00 p.m., Madrid was jogging westbound alongside the eastbound lanes of Highway 22 in Marion County. As he approached the eastbound on-ramp from Lancaster Drive onto the highway, he was struck by defendant's car as it drove down the eastbound on-ramp.

Plaintiff's theory of the case was that defendant struck Madrid while defendant was driving in a triangular shaped neutral area formed by the white lines dividing the on-ramp from the eastbound lane of Highway 22 and that, therefore, defendant was negligent for failing to operate his vehicle within the traffic portion of the roadway. Defendant's theory was that Madrid was jogging in the traffic portion of the on-ramp and that defendant drove into the neutral area only after he swerved in an attempt to avoid hitting Madrid. The jury returned a verdict for defendant.

Plaintiff assigns error to the denial of her motion for a new trial. We first note that the denial of a motion for a new trial cannot be assigned as error on appeal. *Martin Engineering Co., Inc. v. Opton*, 277 Or 291, 295, 560 P2d 617 (1977). However, it is clear from plaintiff's argument under the erroneously captioned assignment that her objection is to the admission of the testimony of two of defendant's expert witnesses. We choose to address plaintiff's assignment because she has clearly identified in the record where the alleged error occurred and her objection to it. *See id.*, at n 3. Furthermore, addressing the assignment does not mislead defendant, who understood that plaintiff's "true objection goes to the admission of the testimony from the defendant's accident reconstruction experts," and responded to that objection.

■    Plaintiff contends that the trial court erred in allowing Salem Police Officers Alex and Driscoll, who investigated the accident, to testify that, in their opinions, the cause of the accident was that Madrid was in the traffic portion of the highway. Defendant responds that, although the officers did testify as to their opinion of the cause of the accident, they also testified as to their opinion of where the point of impact occurred, and that all of their testimony was proper to assist the jury in resolving the factual issues in the case. In the alternative, he argues that, even if the trial court erred in allowing Alex and Driscoll to testify as to their opinion of the cause of the accident, it was not reversible error, because the testimony was merely cumulative and the result of the trial would not have been different if the testimony had been excluded.

■    We will not reverse a trial court for evidentiary error unless the error affects a substantial right of a party. OEC 103. Evidence that is merely cumulative does not affect a substantial right. *Hansen v. Abrasive Engineering and Manufacturing*, 112 Or App 586, 591, 831 P2d 693 (1992), *aff'd in part, rev'd in part on other grounds* 317 Or 378, 856 P2d 625 (1993).

At trial, the parties presented conflicting expert testimony about where defendant's car struck Madrid. Defendant presented the testimony of four uniformed police officers who investigated the accident, none of whom had witnessed it. Over plaintiff's objection defendant asked Alex:

"Q.    Based on your experience and training and your investigation of the scene do you have an opinion as to *the cause of the accident*?

"* * * * *

"A.    The probable *cause for this accident* in my opinion is that the pedestrian was in the traffic portion of the roadway."

Defendant also asked Driscoll:

"Q.    Based on your experience and training and your investigation of the scene, do you have an opinion as to *what caused the accident*?

"* * * * *

"A.    This is a highly dangerous interchange because of the traffic and speed having to be increased at the location, and it is my opinion that *the accident was caused* because of the

runner on the traveled section of the roadway in a very highly dangerous zone." (Emphasis supplied.)

Plaintiff maintains that this case is controlled by *French v. Barrett*, 84 Or App 52, 733 P2d 89 (1987). In *French*, the plaintiff, a pedestrian, brought an action to recover damages she sustained when she was struck by a car driven by the defendant. The plaintiff contended that the trial court erred in allowing the investigating police officer, who did not witness the accident, to give his opinion about the cause of the accident. We held that

"OEC 704 permits opinion testimony concerning an ultimate issue of fact if the testimony is 'otherwise admissible.' To be 'otherwise admissible,' expert opinion testimony must assist the trier of fact, through specialized knowledge, to understand the evidence or to determine a fact in issue. Expert testimony which merely tells the jury what legal conclusion to reach fails to do that. The investigating officer's conclusion that the cause of the accident was plaintiff's stepping into the roadway 'did nothing more that tell the jury that he thought defendant should prevail.' It was reversible error to admit it." *Id.* at 54. (Citations omitted.)

We agree with plaintiff that this case is indistinguishable from *French* and that it was error for the trial court to allow Alex and Driscoll to testify about their opinions as to the cause of the accident. Consequently, we must reverse, unless defendant is correct that their testimony was merely cumulative.

At trial, the point of impact between Madrid and defendant's car was a hotly contested factual issue. Although Alex and Driscoll's testimony about the point of impact was cumulative, their testimony as to the cause of the accident was " 'pure opinion' on the legal consequences of disputed facts." *DeRosa v. Kolb*, 90 Or App 548, 551, 752 P2d 1282, *rev den* 306 Or 101 (1988). That testimony impermissibly told the jury that it should reach a particular result on the question of defendant's alleged negligence. *French*, 84 Or App at 54.

We have reviewed plaintiff's other two assignments and find no error.

Reversed and remanded.