561

Argued and submitted November 4, 1996, decision of the Court of Appeals reversed; judgment of the circuit court affirmed February 13, 1997

Sonja MADRID,
as Personal Representative of the Estate of
Kenneth Madrid,
*Respondent on Review,*

*v.*

Frank Raymond ROBINSON,
*Petitioner on Review.*

(CC 92C-11138)

Sonja MADRID,
*Respondent on Review,*

*v.*

Frank Raymond ROBINSON,
*Petitioner on Review.*

(92C-11696; CA A84207; SC S43277)

931 P2d 791

Samuel R. Blair, Salem, argued the cause for petitioner on review. Rod M. Jones, of MacDonald, Jensen, Pagel & Jones, Salem, filed the petition for petitioner on review.

Gig Wyatt, of Law Offices of J.P. Harris, II, P.C., Salem, argued the cause and filed the brief for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff, as guardian *ad litem* for Kenneth Madrid (Madrid), brought this personal injury action to recover damages sustained when Madrid was struck by a car operated by defendant. Plaintiff also brought an action on her own behalf for loss of consortium. The cases were consolidated for trial. The jury returned a verdict for defendant, and judgment was entered accordingly. The Court of Appeals reversed, holding that the trial court erred in allowing defendant's expert witnesses to testify about what "caused" the accident. *Madrid v. Robinson*, 138 Or App 130, 134, 906 P2d 855 (1995). For the reasons explained below, we reverse the decision of the Court of Appeals.

■ We review the trial court's ruling to determine whether it applied the correct principle of law. *Yundt v. D & D Bowl, Inc.*, 259 Or 247, 256-58, 486 P2d 553 (1971).

At the time of the accident, Madrid was jogging westbound alongside the eastbound lanes of Highway 22 in Marion County. As he approached the eastbound on-ramp from Lancaster Drive onto the highway, he was struck by defendant's car as it came down the eastbound on-ramp. A major issue at trial was the point of impact. Plaintiff's theory of the case was that defendant's car struck Madrid in the "neutral area" formed by the white lines dividing the on-ramp from the eastbound lane of Highway 22. Defendant's theory was that he struck Madrid in the traffic lane of the road, not in the neutral area. The parties each alleged that the other's negligence caused the accident.

Several police officers, who had investigated the accident, were called as witnesses at trial. During her case-in-chief, plaintiff called Officer Hayes. On cross-examination, defense counsel asked Hayes whether the accident was consistent with an accident involving a pedestrian who was entering or crossing a road. Plaintiff's counsel objected on the ground that the question called for "improper opinion testimony." Counsel relied on *French v. Barrett*, 84 Or App 52, 733 P2d 89 (1987). The trial court overruled the objection, and Hayes answered that the accident was consistent with those facts.

Plaintiff next called Officer Beverly. On cross-examination, defense counsel asked Beverly how the accident occurred. Plaintiff's counsel again objected on the same ground. The trial court overruled the objection, and Beverly answered that Madrid "was crossing the on-ramp at the time of the accident."

Plaintiff then called Weaver, an engineer, who testified that the term "neutral area" was derived from the Manual on Uniform Traffic Control Devices, that the neutral area was not intended for vehicular traffic, and that it was not considered to be part of the road. Plaintiff also called Myers, an expert in accident reconstruction, who opined that the point of impact was in the neutral area.

After plaintiff rested, defendant called Officer Alex, who qualified as an expert in accident reconstruction. On direct examination, defense counsel asked Alex:

"Q.   Officer Alex, based on your experience, your investigation of the scene and the items you reviewed, do you have an opinion as to whether the impact with Mr. Madrid occurred in the travel lane or the triangle area?

"A.   My opinion is that the area of impact occurred on the trafficway of the on-ramp.

"Q.   Based on your experience and training and your investigation of the scene, do you have an opinion as to the *cause* of this accident?

"[PLAINTIFF'S COUNSEL]:   I'll object, Your Honor under * * * *French v. Barrett*.

"* * * * *

"THE COURT:   The objection is overruled." (Emphasis added.)

Defense counsel continued:

"Q.   Officer Alex, do you have an opinion as to the *cause* of this accident?

"A.   The probable cause for this accident, in my opinion, is that the pedestrian was in the traffic portion of the roadway." (Emphasis added.)

Defendant next called Officer Driscoll, who also qualified as an expert in accident reconstruction. On direct examination, defense counsel asked Driscoll:

"Q: Officer Driscoll, based on your training and experience and your investigation at the scene, do you have an opinion as to whether the event occurred in the travel portion or the triangle —

"[PLAINTIFF'S COUNSEL]: Same objection.

"THE COURT: Overruled.

"* * * * *

"A: Based on the skids and where the body came to rest, I would say it occurred in the travel portion of the roadway, the roadway itself.

"* * * * *

"Q: Based on your investigation at the scene and your experience and training, was there any evidence at the scene that this accident was *caused* by [defendant] merging through that triangle area?

"[PLAINTIFF'S COUNSEL]: Same objection.

"THE COURT: Overruled.

"THE WITNESS: No." (Emphasis added.)

Defense counsel then asked Driscoll:

"Q. Based on your experience and training and your investigation of the scene, do you have an opinion as to what *caused* the accident?

"[PLAINTIFF'S COUNSEL]: Same objection.

"THE COURT: Overruled. You may answer.[1]

"A. This is a highly dangerous interchange because of the traffic and speeds having to be increased at the location, and it's my opinion that the accident was caused because of

---

[1] The trial court overruled plaintiff's objections without giving any reason for its rulings. Although we express no opinion as to the necessity for the trial court to disclose the reasons for its rulings, appellate review would be facilitated if trial courts disclosed the reasons for their rulings in cases where the reasons are not obvious from the record.

the runner on the traveled section of the roadway in a very highly dangerous zone."[2] (Emphasis added.)

The jury returned a verdict for defendant. Plaintiff appealed from the resulting judgment.

On appeal, plaintiff contended that the trial court erred in overruling her objections to Alex and Driscoll's opinion testimony regarding what "caused" the accident. Relying primarily on its decision in *French*, the Court of Appeals reversed, explaining:

> "At trial, the point of impact between Madrid and defendant's car was a hotly contested factual issue. Although Alex and Driscoll's testimony about the point of impact was cumulative, their testimony as to the cause of the accident was ' "pure opinion" on the legal consequences of disputed facts.' * * * That testimony impermissibly told the jury that it should reach a particular result on the question of defendant's alleged negligence." *Madrid*, 138 Or App at 134 (citations omitted).

We allowed defendant's petition for review.

Defendant argues that Alex and Driscoll's opinion testimony about what "caused" the accident was properly admitted to assist the jury to understand the evidence on the point of impact and to rebut plaintiff's expert opinion testimony that placed the point of impact in the neutral area. Plaintiff responds that the officers' opinion testimony did nothing more than tell the jury to decide the case for defendant and, therefore, that it was objectionable and should have been excluded.

OEC 702 provides:

> "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

OEC 704 provides:

---

[2] Plaintiff does not dispute that Alex and Driscoll were qualified under OEC 702 as experts in accident reconstruction or that their opinions were supported by adequate foundations.

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

■ The basic approach to expert opinion testimony in the Oregon Evidence Code is to admit it when it is helpful to the trier of fact. That approach generally applies even when the opinion testimony embraces an ultimate issue to be decided by the trier of fact.

Professor Kirkpatrick explains:

"Rule 704 eliminates any objection to opinion testimony based upon the allegation that the testimony 'embraces an ultimate issue to be decided by the trier of fact.' Because a jury is not required to accept the opinion of a witness, the province of the jury is not invaded by the rendering of such opinions. *See State v. Middleton* 294 Or 427, 435, 657 P2d 1215, 1219 (1983) ('[I]t is impossible to usurp the jury's function. Even if there is uncontradicted expert testimony, the jury is not bound by it, for the jury alone must make the ultimate decision.')" Laird C. Kirkpatrick, *Oregon Evidence*, 450 (3d ed 1996).

In *Tiedemann v. Radiation Therapy Consultants*, 299 Or 238, 243, 701 P2d 440 (1985), this court held that an expert may give an opinion on an ultimate issue to be decided by the trier of fact, so long as that opinion pertains to an issue of fact and the opinion is otherwise admissible.[3] In *State v. Stringer*, 292 Or 388, 391-92, 639 P2d 1264 (1982), this court stated:

"The test is not whether a jury is capable of drawing its own inferences from the evidence presented. Rather, the test is

---

[3] OEC 704 does not open the door for any and all opinion testimony embracing an ultimate issue to be decided by the trier of fact. *Tiedemann*, 299 Or at 244; *State v. Stringer*, 292 Or 388, 394, 639 P2d 1264 (1982). For example, under OEC 104(1), preliminary questions concerning the admissibility of evidence are determined by the trial court. Under OEC 401 and 402, the trial court determines in the first instance whether the proffered evidence is relevant. Under OEC 702, the court determines whether opinion testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. Finally, under OEC 403, the court may exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence.

whether the expert's testimony, if believed, will be of help or assistance to the jury. * * *

"If a qualified expert offers to give testimony on the point of impact and such testimony is otherwise admissible and if believed would assist the jury in deciding the location of the point of impact, it should not be excluded."

■■ In this case, plaintiff argues that the officers' expert testimony about what "caused" the accident should have been excluded, because it did not assist the jury to understand the evidence or a fact in issue but, instead, it merely told the jury to decide the case for defendant. The trial court reasonably could have sustained plaintiff's objections on those grounds. However, testimony about causation may refer to a question of fact that is properly within the realm of expert opinion, where the expert's evaluation and interpretation of evidence will assist the jury to understand it.[4] Thus, the court reasonably could have found that the officers' opinion testimony addressed a fact in issue, *i.e.*, the point of impact, in a way that would assist the jury. Because the court overruled plaintiff's objections, we infer that the court concluded that the challenged opinion testimony had probative value with respect to a fact in issue and that the officers' opinions would assist the jury to understand the evidence or to determine a fact in issue. Because the record may be read in a way that supports the trial court's choice, the court did not commit legal error.

The Court of Appeals' reliance on *French* was misplaced. There, the plaintiff contended that the trial court erred in allowing an investigating police officer, who had not witnessed the accident, to give his opinion as to the cause of the accident. *French*, 84 Or App at 54. Construing the plaintiff's objection to mean that the officer's opinion testimony

---

[4] *Webster's Third New Int'l Dictionary*, 356 (Unabridged 1993), defines "cause" as

"a person, thing, fact, or condition that brings about an effect or that produces or calls forth a resultant action or state."

*Black's Law Dictionary*, 221 (6th ed 1990), defines "cause" as

"Each separate antecedent of an event. Something that precedes and brings about an effect or a result. A reason for an action or condition. * * * That which in some manner is accountable for condition that brings about an effect or that produces a cause for the resultant action or state."

would not be helpful to the jury, *id.* at 54 n 2, the Court of Appeals agreed, holding that expert opinion testimony that merely tells the trier of fact what legal conclusion to reach fails to assist the trier of fact, through specialized knowledge, to understand the evidence or to determine a fact in issue. *Ibid.* As an abstract principle, that holding is unremarkable. However, to the extent that *French* can be read to forbid an expert witness to describe causation or the cause of an accident, that reading conflicts with the express wording of OEC 704, and we reject it.

We conclude that the trial court applied the correct principle of law to plaintiff's objections and that the court's overrulings of those objections were supported by the facts. In those circumstances, we hold that the court did not err.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.